**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

William Pacheco,

     Plaintiff,

vs.                            Case No.:

Ally Waste Services, LLC

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, William Pacheco, hereinafter referred to as ("Plaintiff") by and through his undersigned counsel, and hereby sues the Defendant, Ally Waste Services, LLC,

## JURISDICTION AND VENUE

1.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

2.     This Court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district.

## PARTIES

4.    Plaintiff is a resident of Hillsborough County, Florida.

5.    Defendant is a limited liability company with its principal place of business in Arizona, authorized to conduct business in Florida.

6.    Defendant is an employer under the ADA and FMLA, employing fifty or more employees and engaged in commerce.

## ADMINISTRATIVE PREREQUISITES

7.    All conditions precedent to bringing this action have occurred.

8.    On January 12, 2026, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR), bearing EEOC Charge Number 511-2026-01434.

9.    On July 17, 2026, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights.

10.    More than 180 days have passed since the filing of the Charge of Discrimination.

## GENERAL ALLEGATIONS

11.    Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

12.    At all times material, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodation.

13.    Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

14.    Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

15.    Plaintiff William Pacheco is a resident of Hillsborough County, Florida.

16.    Defendant Ally Waste Services, LLC operates a bulk waste removal business and employs more than fifty (50) employees at all relevant times.

17.    At all relevant times, Pat Wolff served as Defendant's Senior District Manager and acted as Defendant's agent with authority to supervise employees and make termination decisions.

18.    On or about May 2024, Plaintiff was hired by Defendant as a Bulk Pick-Up Technician.

19.    Plaintiff worked full-time in this position and had no prior disciplinary issues.

20.    Plaintiff's duties included lifting and removing bulk debris, operating a commercial vehicle, working outdoors, and completing assigned routes.

21.    On or about November 20, 2025, while working his assigned route, Plaintiff began experiencing severe difficulty breathing and dizziness.

22.    Plaintiff contacted his supervisor, Pat Wolff, and informed him that he had completed five stops but was having trouble breathing and felt dizzy.

23.    Mr. Wolff instructed Plaintiff to drive the truck back to the plant.

24.    Plaintiff drove approximately forty-five minutes back to the plant, dropped off the truck, and drove himself home.

25.    When Plaintiff's breathing did not improve, he went to the emergency room.

26.    Plaintiff was admitted to the hospital and remained hospitalized for seven days.

27.    Plaintiff was diagnosed with new-onset atrial fibrillation (AFIB), a serious health condition.

28.    Plaintiff informed Mr. Wolff that he was being admitted to the hospital.

29.    On or about November 21, 2025, Mr. Wolff contacted Plaintiff to check on him and told Plaintiff not to worry because Mr. Wolff had covered his shift.

30.    During Plaintiff's hospitalization, Plaintiff remained in contact with Mr. Wolff and informed him of his condition.

31.    Mr. Wolff responded supportively and told Plaintiff to notify him when he was released.

32.    Upon discharge, Plaintiff's medical providers cleared him to return to work effective December 1, 2025.

33.    Plaintiff had supporting medical documentation of this clearance.

34.    On Sunday evening, November 30, 2025, Plaintiff advised Mr. Wolff that he would be returning to work on December 1, 2025.

35.    Later that same evening, Mr. Wolff called Plaintiff and stated, "We don't think you can do the job anymore, we're going to have to let you go."

36.    Plaintiff was terminated by telephone, effective November 30, 2025, the same day he informed his supervisor he could return to work.

37.    Defendant terminated Plaintiff without allowing him to return to work, without any discussion of accommodations, and without engaging in any interactive process, despite his medical clearance.

38.    Defendant never inquired about Plaintiff's specific medical restrictions or limitations.

39.    Defendant never discussed with Plaintiff whether he could perform his job duties with or without reasonable accommodation.

40.    Defendant never offered Plaintiff any accommodation or explored alternatives to termination.

41.    Prior to his termination, Plaintiff had no disciplinary record and had never been warned that his employment was in jeopardy.

42.    Defendant terminated Plaintiff because of his actual disability, perceived disability, and/or record of disability, and in retaliation for requesting medical leave and asserting his right to return from such leave.

43.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment opportunities, emotional distress, and other compensatory damages.

44.    Defendant's conduct was willful, reckless, and in callous disregard of Plaintiff's federally protected rights.

## COUNT I
### AMERICANS WITH DISABILITIES ACT - DISABILITY DISCRIMINATION

45.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

46.    Plaintiff has an actual disability, a perceived disability, and/or a record of a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., specifically atrial fibrillation.

6

47.    Defendant discriminated against Plaintiff because of his actual, perceived, and/or record of disability in violation of 42 U.S.C. § 12101 et seq.

48.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT II
## AMERICANS WITH DISABILITIES ACT - FAILURE TO ACCOMMODATE

49.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

50.     Defendant failed to provide reasonable accommodations to Plaintiff despite knowledge of his disability and failed to engage in any discussion regarding potential accommodations.

51.     Defendant's failure to provide reasonable accommodations constitutes a violation of 42 U.S.C. § 12101 et seq.

52.     As a result of Defendant's unlawful failure to accommodate, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT III
## AMERICANS WITH DISABILITIES ACT - FAILURE TO ENGAGE IN INTERACTIVE PROCESS

53.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

54.    Defendant failed to engage in the interactive process with Plaintiff to determine what, if any, reasonable accommodations could be provided to enable him to perform the essential functions of his position.

56.    Defendant's failure to engage in the interactive process constitutes a violation of 42 U.S.C. § 12101 et seq.

57.    As a result of Defendant's unlawful failure to engage in the interactive process, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

9

h.     Attorney's fees and costs; and

i.     All such other relief/damages to which Plaintiff is entitled.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT - RETALIATION

58.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

59.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Americans with Disabilities Act, including requesting medical leave and asserting his right to return to work following medical clearance.

60.    The above-described acts of retaliation constitute a violation of 42 U.S.C. § 12101 et seq., for which Defendant is liable.

61.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Interest on front pay and benefits;

e.     Compensatory damages, including those for emotional pain and suffering;

f.     Punitive damages;

10

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT V
## FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE

62.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

63.    Plaintiff was entitled to leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., based on his serious health condition, atrial fibrillation.

64.    Defendant interfered with Plaintiff's FMLA rights by terminating him before he could return to work following his medically-approved leave, in violation of 29 U.S.C. § 2601 et seq.

65.    As a result of Defendant's unlawful interference, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.    Liquidated damages;

11

f.    Compensatory damages, including those for emotional pain and suffering;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT VI
## FAMILY AND MEDICAL LEAVE ACT - RETALIATION

66.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

67.    Plaintiff suffered an adverse employment action for requesting and taking leave protected by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

68.    The above-described acts of retaliation constitute a violation of 29 U.S.C. § 2601 *et seq.*, for which Defendant is liable.

69.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.    Liquidated damages;

12

f.    Compensatory damages, including those for emotional pain and suffering;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT - DISABILITY DISCRIMINATION

70.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

71.    Plaintiff has a disability within the meaning of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*, specifically atrial fibrillation.

72.    Defendant discriminated against Plaintiff because of his disability in violation of Chapter 760, *Florida Statutes*.

73.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.  Compensatory damages, including those for emotional pain and suffering;

f.  Punitive damages;

g.  Injunctive relief;

h.  Attorney's fees and costs; and

i.  All such other relief/damages to which Plaintiff is entitled.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

74.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 44.

75.  Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

76.  The above-described acts of retaliation constitute a violation of Chapter 760, *Florida Statutes*, for which Defendant is liable.

77.  As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Interest on front pay and benefits;

14

e.    Compensatory damages, including those for emotional pain and suffering;

f.    Punitive damages;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff William Pacheco respectfully requests that this Court enter judgment in his favor and against Defendant Ally Waste Services, LLC as follows:

On Counts I, II, III, and IV (Americans with Disabilities Act):

a.    Reinstatement of Plaintiff to his former position with the same seniority status he would have had but for the discrimination, or front pay in lieu thereof;

b.    All back pay and benefits from the date of termination;

c.    Compensatory damages for emotional distress and all other harm sustained;

d.    Punitive damages;

e.    Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12117;

On Counts V and VI (Family and Medical Leave Act):

15

f.   Reinstatement of Plaintiff to his former position, or front pay in lieu thereof;

g.   All back pay and benefits from the date of termination;

h.   Liquidated damages equal to the amount of back pay;

i.   Compensatory damages for emotional distress and all other harm sustained;

j.   Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617;

On Counts VII and VIII (Florida Civil Rights Act):

k.   Reinstatement of Plaintiff to his former position, or front pay in lieu thereof;

l.   All back pay and benefits from the date of termination;

m.   Compensatory damages for emotional distress and all other harm sustained;

n.   Punitive damages;

o.   Reasonable attorneys' fees and costs pursuant to Fla. Stat. § 760.11;

On All Counts:

p.   Pre-judgment and post-judgment interest as permitted by law;

q.   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and issues so triable.

16

**DATED:**  July 20, 2026.

                                   **FLORIN|GRAY**

                                   */s/ Troy Longman, II*
                                   **TROY LONGMAN, II, ESQUIRE**
                                   Florida Bar No.: 1031921
                                   Primary: tlongman@floringray.com
                                   **WOLFGANG FLORIN, ESQUIRE**
                                   Florida Bar No.: 907804
                                   Primary: wflorin@floringray.com
                                   16524 Pointe Village Drive, Suite 100
                                   Lutz, FL 33558
                                   Telephone: (727) 220-4000
                                   Facsimile: (727) 483-7942

                                   *Attorneys for Plaintiff*

17